UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN GALLO,

    Plaintiff,

vs.

DONALD H. BRIGGS, MAYOR,
VILLAGE OF MILLBROOK,
VILLAGE OF MILLBROOK,

    Defendants.

-------------------------------------------------x

**ECF CASE**

**COMPLAINT**

**05 CIV. 2205**

**ROBINSON**

By and through his counsel, Michael H. Sussman, plaintiff alleges as follows against defendants:

I. **Parties**

1. Plaintiff Stephen Gallo is a resident of the Town of Fishkill, County of Dutchess, State of New York, within this judicial district.

2. Defendant Donald H. Briggs is the duly appointed Mayor of the Village of Millbrook and is sued in his individual capacity for acts taken under color of state law.

3. Defendant Village of Millbrook is a municipal corporation organized pursuant to the laws of the State of New York. It may sue and be sued and is governed by a five member board.

II. **Jurisdiction**

4. As plaintiff alleges that defendants violated his constitutional rights, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

III. **Statement of Facts**

5. Plaintiff worked as a part-time Captain in the Village of Millbrook Police Department beginning in or about 1995.

6. Plaintiff's job performance was exceptional and he was repeatedly promoted from the position of detective to detective sergeant to lieutenant and to captain.

7. In June 2004, the defendant Village Board authorized the hiring of two additional part-time police officers.

8. In or about June 2004, plaintiff's supervisor, Police Chief Haight advised him that the Village Board wanted him to develop a list of the violations of a certain police officer, McMahon.

9. Plaintiff complied and presented the Police Chief with a document chronicling the various violations of departmental policy which McMahon had committed.

10. Haight presented this information to defendant Briggs and other members of the Village Board.

11. In response, Briggs advised that the Village Board was going to suspend Mr. McMahon, not terminate him as originally discussed with Haight.

12. Haight then indicated that the Village Board might want to await the completion of an investigation plaintiff was conducting of a complaint of racial bias against McMahon.

13. Defendant Briggs immediately cast doubt on the complaint, claiming to have witnessed the interaction between the young African-American complainant and McMahon.

14. Haight advised that, while the investigation was not complete, it did not look promising for McMahon.

15. McMahon was on close personal terms with at least one member of the Village Board.

16. Plaintiff completed his investigation of the racial bias report and found that McMahon had, indeed, violated departmental policies by using racial slurs.

17. Haight reported this finding to defendant Briggs and another Village Board member, Police Commissioner Robert King.

18. The following day, Briggs directed that Haight terminate plaintiff,

claiming that a budget crisis required the elimination of his position.

19. In fact, no budget crisis precipitated or triggered plaintiff's termination.

20. At the July 20, 2004 meeting of the Village Board, there was no discussion of any budget exigency and a general fund balance of over $100,000 was reported.

21. Defendant Briggs and the Village Board fabricated this basis for terminating plaintiff because they believed plaintiff was committed to truthfully concluding his investigation of the charge of racial bias against McMahon and wished to punish him for this activity.

22. After plaintiff was terminated, the Village took no action against McMahon for his use of racial epithets though plaintiff had concluded that he uttered such comments in violation of departmental policies.

23. As of August 2004, plaintiff was one of the most senior members of the part-time Village police department and the only person terminated for any reason, including the alleged budgetary crisis.

24. Defendants' retaliatory and illegal termination cost plaintiff salary and, ultimately, pension benefits.

25. Defendants' retaliatory and illegal termination caused plaintiff mental anguish, embarrassment and humiliation.

26. Defendants' conduct established municipal policy of attempting to protect the Village of Millbrook from a finding of racial bigotry on the part of one of its police officer.

27. The actions of the defendant Briggs were intentional malicious and spiteful and need to be deterred if government is to extirpate racial bias from the ranks of its police departments.

IV. **Causes of Action**

28. Plaintiff incorporates paras. 1-27 as if fully incorporated herein.

29. By terminating plaintiff for protected activity on a matter of public importance, defendants violated his right to be free from such retaliation as guaranteed by the Fourteenth Amendment to the United States Constitution as made actionable against them pursuant to 42 U.S.C. sec. 1983.

V. **Prayer for Relief**

WHEREFORE, plaintiff prays that this Honorable Court:

(a) assume jurisdiction over this matter;

(b) empanel a jury to hear and decide all issues within its purview;

(c) award to plaintiff compensatory, make whole relief with pre and post-judgment interest against defendants jointly and severally;

(d) award to plaintiff punitive damages against defendant Briggs for his malicious

violation of plaintiff's constitutional rights;

(e) reinstate plaintiff to his position of Captain as that position was abolished for retaliatory reasons and as plaintiff is fit to resume said duties;

(f) award plaintiff the fees and costs arising from his prosecution of this matter pursuant to 42 U.S.C. sec. 1988 and

(g) provide any additional relief the interests of justice require.

                        Respectfully submitted,

                        MICHAEL H. SUSSMAN (3497)

LAW OFFICES of MICHAEL H. SUSSMAN
PO BOX 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff