UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN GALLO and HARRY HAIGHT,

                                Plaintiffs,             Docket No.:
                                                         05 CIV. 2205(SCR)

- against -

DONALD H. BRIGGS, MAYOR,                      NOTICE OF
VILLAGE OF MILLBROOK,                            MOTION
VILLAGE OF MILLBROOK,

                                Defendants.
-----------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Paul E. Svensson, Esq., Statement of Facts, Affidavit of DONALD H. BRIGGS, Exhibits, Memorandum of Law, and all pleadings and proceedings had heretofore herein, defendants, DONALD H. BRIGGS, MAYOR, VILLAGE OF MILLBROOK, VILLAGE OF MILLBROOK, hereby move this Court for an order, pursuant to Fed. R. Civ. P 56 on the issue of qualified immunity and pursuant to Fed. R. Civ. P. 12 (b)(6) on the grounds that plaintiff has failed to state a cause of action, dismissing plaintiff's Complaint in its entirety, together with such further and other relief as this Court may deem just and fair under the circumstances herein.

**PLEASE TAKE FURTHER NOTICE** of the following briefing schedule.

Service of Motion for Summary Judgment: **May 26, 2006**

Opposition Papers, if any, by: **June 16, 2006**

Reply papers, if any, by: **June 23, 2006**

Dated: White Plains, New York
May 25, 2006

                                      Yours etc.,
                                      Boeggeman, George, Hodges & Corde

                                      *[signature]*
                                      Paul E. Svensson (PS 3403)
                                      Attorneys for Defendants
                                      11 Martine Avenue
                                      White Plains, New York 10606
                                      (914) 761-2252

TO:    Law Offices of Michael H. Sussman
         40 Park Place
         P.O. Box 1005
         Goshen, New York 10924
         (845) 294-3991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN GALLO and HARRY HAIGHT,

                          Plaintiffs,                  Docket No.:
                                                              **05 CIV. 2205(SCR)**

- against -

DONALD H. BRIGGS, MAYOR,                  **AFFIRMATION**
VILLAGE OF MILLBROOK,
VILLAGE OF MILLBROOK,

                          Defendants.
------------------------------------------------------------X

       Paul E. Svensson, an attorney duly admitted to practice in the federal court for the Southern District of New York, hereby affirms the following under the penalties of perjury:

       1.     I am an associate with the law firm of BOEGGEMAN, GEORGE, HODGES & CORDE, P.C., attorneys for Defendants, DONALD H. BRIGGS, MAYOR, VILLAGE OF MILLBROOK, VILLAGE OF MILLBROOK, and am fully familiar with the facts underlying this litigation by way of my review of the file maintained by this office.

       2.     I submit this Affirmation in support of Defendants' motion, pursuant to Fed. R. Civ. P. 56 for summary judgment based upon a defense of qualified immunity and Fed. R. Civ. P. 12 (b)(6) based upon plaintiff's failure to state a cause of action.

       3.     Plaintiffs' Amended Complaint, dated March 10, 2005 is annexed hereto as **EXHIBIT A**. Plaintiff, STEPHEN GALLO, alleges that his termination in July 2004 resulted from retaliation against protected speech under the First and Fourteenth Amendments. (Exhibit A). Plaintiff, HARRY HAIGHT, alleges that he was terminated

in March 2005 because of his prior association with GALLO and protected speech under the First and Fourteenth Amendments. (Exhibit A).

4. Defendants' Answer to the Amended Complaint, dated April 22, 2005 is annexed hereto as **EXHIBIT B**. Defendants set forth the affirmative defenses of qualified immunity, absence of causal connection between the protected acts and adverse employment action, failure to state a cause of action, and a legitimate, non-discriminatory reason for plaintiff's termination.

5. The Court is respectfully referred to the Defendants' Statement of Facts and Memorandum of Law for a review of the material facts and legal argument in this matter.

Dated: White Plains. New York
       May 25, 2006

>                           Respectfully submitted,
>                           Boeggeman, George, Hodges & Corde
>
>                           _____
>                           Paul E. Svensson (PS 3403)
>                           Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEPHEN GALLO and HARRY HAIGHT,

                          Plaintiffs,          Docket No.:
                                                      **05 CIV. 2205(SCR)**

  - against -

DONALD H. BRIGGS, MAYOR,                    **STATEMENT**
VILLAGE OF MILLBROOK,                          **OF FACTS**
VILLAGE OF MILLBROOK,

                          Defendants.
------------------------------------------------------------------X

       Defendants, DONALD H. BRIGGS, MAYOR, VILLAGE OF MILLBROOK, VILLAGE OF MILLBROOK, by their attorneys, BOEGGEMAN, GEORGE, HODGES & CORDE, P.C., hereby provide the following Rule 56 Statement of facts.

       1.     As of July 28, 2004, the VILLAGE OF MILLBROOK Board of Trustees had decided to eliminate the position of Captain due to budgetary constraints. (See **EXHIBIT C**).

       2.     The Certified VILLAGE OF MILLBROOK Budget for Fiscal Year 2004-2005, reflects that 2004 expenditures, as of May 5, 2004, for police officers was $58,353 or 60.16% of the entire 2004 budget of $97,000, even though less than one-half (50%) of the year had passed. (See **EXHIBIT D**, p. 5).

       3.     The VILLAGE OF MILLBROOK had been looking at operating expenses as well as personnel costs. (See **EXHIBIT E**).

       4.     STEPHEN GALLO had, prior to the elimination of his position, been asked to conduct part of the investigation into a citizen complaint regarding Officer

McMahon, after he had taken Officer McMahon's initial report on June 16, 2004. (See **EXHIBIT F**).

5. On July 22, 2004, STEPHEN GALLO took a statement from Anna Marie DeGuglielmo, who had no personal knowledge of the alleged incident. (See **EXHIBIT G**). He took no other written statements as part of his investigation.

6. STEPHEN GALLO prepared investigative notes on July 25 and 28, 2004. (See **EXHIBIT H**). On July 28, 2004, he interviewed James Eades, who was present at the time of the incident, and confirmed that Officer McMahon did not use racial slurs.

7. As of July 28, 2004, two other statements were taken from employees of the Stewart's where the incident was alleged to have taken place and neither statement contained a reference to any racial statements by officer McMahon. (See **EXHIBIT I**).

8. The investigation was on-going at the time STEPHEN GALLO's position was eliminated. There is no documentary evidence which existed as of July 28, 2004 to remotely suggest that Officer McMahon had uttered racial slurs at the disorderly youths.

9. STEPHEN GALLO did not submit his opinion, or conclusions, as to the results of his investigation in writing.

10. The only writings prepared by STEPHEN GALLO strongly indicate that the allegation of racial slurs by Officer McMahon was without merit. (See EXHIBIT H).

11. On October 12, 2004, HARRY HAIGHT took a sworn deposition from Officer McMahon, wherein he affirmed that he uttered no racial slur. (See **EXHIBIT J**).

12. On August 5, 2004, HARRY HAIGHT took a statement from Nick VanBenschoten, who was present at the time of the incident. No allegation of racial slurs was made. (See **EXHIBIT K**).

13.     On August 5, 2004, HARRY HAIGHT also took a statement from Jonathan Hartley, who was present at the time of the incident. No allegation of racial slurs was made. (See **EXHIBIT L**).

14.     On August 13, 2004, HARRY HAIGHT took a statement from James Eades, who was present at the time of the incident, and had previously told STEPHEN GALLO that no racial slur was uttered. Herein, alleges hearsay knowledge of a racial comment. (See **EXHIBIT M**).

15.     On August 14, 2004, Chris DeGuglielmo alleged that Officer McMahon referred to him in a racially biased manner. (See **EXHIBIT N**). This contradicted the statement of Nick VanBenschoten who stated that no racial slur was made. (See EXHIBIT K).

16.     On August 18, 2004, Officer McMahon was suspended for the manner in which he handled himself. There is no indication of a finding that he uttered a racial slur. (See **EXHIBIT O**).

17.     On September 30, 2004, MAYOR DONALD BRIGGS received a response from the State of New York Division of Criminal Justice Services regarding the qualifications of the Officer in Charge/Chief HARRY HAIGHT. (See **EXHIBIT P**).

18.     The Division of Criminal Justice Services records reflected that HARRY HAIGHT had never successfully completed the Basic Course for Police Officers. (See EXHIBIT P).

19.     Further, the State Report indicated that "Officer-in-Charge Harry Haight has forfeited his position as a police officer." (See EXHIBIT P).

20. On March 23, 2005, MAYOR DONALD BRIGGS met with HARRY HAIGHT, and since he was not qualified for his position, HARRY HAIGHT was asked resign and retire. (See **EXHIBIT Q** and **EXHIBIT R**).

Dated: White Plains, New York
  May 25, 2006

*[signature]*
_____
Paul E. Svensson (3403)